UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FELICIA BYNUM,

                      Petitioner,

       -against-

STATE OF NEW JERSEY,

                      Respondent.

24-CV-0618 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Petitioner, who is currently incarcerated at the Essex County Correctional Facility in Newark, New Jersey, submitted to this court a letter in which she asserts that she is presently being overcharged by the State of New Jersey in a criminal case. She also attaches two form documents to the letter, the first is titled "Racial Justice Reform-Form #208" and is captioned "Pro Se Motion Regarding Representation By My Attorney and Discussion Re: Overcharges *Martel v. Clair*, 565 U.S. 648 (2012)"; and the second is from the New Jersey Superior Court and is captioned "Pro-Se Motion Requesting a Status Hearing Regarding the Representation By My Attorney." (*See* ECF 1, at 3-5.) Petitioner indicates on the forms that she is being overcharged in state-court criminal proceedings in the State of New Jersey and that she is not satisfied with the attorney representing her. For the following reasons, the Court construes this matter as a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, and transfers it to the United States District Court for the District of New Jersey.

### DISCUSSION

      Because Petitioner's submissions challenge aspects of her ongoing criminal proceedings in the State of New Jersey, the Court construes them together as a petition for a writ of *habeas corpus* relief under 28 U.S.C. § 2241. A prisoner in state custody generally must challenge his or

her incarceration in a petition under 28 U.S.C. § 2254, but relief in a petition under Section 2241 may be available to a state pretrial detainee challenging his or her custody as unlawful under the Constitution or federal law. *See Robinson v. Sposato*, No. 11-CV-0191 (SJF), 2012 WL 1965631, at *2 (E.D.N.Y. May 29, 2011); *see also Hoffler v. Bezio*, 831 F. Supp. 2d 570, 575 (N.D.N.Y. 2011), *aff'd on other grounds*, 726 F.3d 144 (2d Cir. 2013)*; Marte v. Berkman*, No. 11-CV-6082 (JFK), 2011 WL 4946708, at *5 (S.D.N.Y. Oct. 18, 2011), *aff'd on other grounds sub nom.*, *Marte v. Vance*, 480 F. App'x 83 (2d Cir. 2012) (summary order).

In order to entertain a *habeas corpus* petition under Section 2241, however, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, the jurisdiction of a *habeas* petition challenging a petitioner's physical confinement generally lies in the district of his or her confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is currently detained at Essex County Correctional Facility, which is located in the judicial district of the United States District Court for the District of New Jersey. Therefore, in the interest of justice, this Court transfers this petition to the District of New Jersey. *See* 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the District of New Jersey. Whether Petitioner should be permitted to proceed further without payment of fees is a determination to be made by the transferee court. This order closes this case in this court.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   February 26, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                                    Chief United States District Judge